UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN E. HERBIN,

                Plaintiff,

        -against-

JUDGE NELSON ROMAN; FEDERAL
MARSHALLS; FEDERAL PROBATION;
WHITE PLAINS FEDERAL COURTHOUSE,

                Defendants.

21-CV-2740 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, currently in the custody of the Westchester County Department of Correction, brings this action invoking the Court's federal question jurisdiction and alleging that Defendants are violating his federal constitutional rights in connection with his federal criminal action in this court before Judge Nelson S. Román, in which Plaintiff is represented by counsel. *See United States v. Rhyne*, No. 15-CR-0005-8 (NSR) (S.D.N.Y. Nov. 16, 2015). By order dated April 19, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

Case 1:21-cv-02740-LTS   Document 5   Filed 04/26/21   Page 3 of 8


## BACKGROUND

Plaintiff brings claims arising out of his criminal proceedings before Judge Román. The following facts are taken from the complaint, and when noted, court records from the criminal action.[2]

In 2015, Plaintiff pleaded guilty to drug offenses in his federal criminal action, and Judge Román sentenced him to a term of two years' imprisonment and three years' supervised release. *See United States v. Rhyne*, ECF 7:15-CR-0005-8, 127 (S.D.N.Y. Nov. 16, 2015). In October 2019, Plaintiff was charged with violation of supervised released in the case before Judge Román based on his guilty plea to drug offenses in another federal criminal case in this court before Judge Vincent Briccetti, for which he was sentenced to time-served. *See United States v. Jones*, ECF 7:19-CV-0700-8, 236 (S.D.N.Y. Jan. 12, 2021). On January 21, 2021, following Plaintiff's admission to violation of his supervised release, Judge Román revoked his supervised released and sentenced him to six months' imprisonment to be followed by six months' in an inpatient treatment facility. *See* ECF 7:15-CR-0005-8, 376.

On February 12, 2021, Plaintiff was prematurely released from the Orange County Jail. His attorney contacted the Probation Office and was informed that Plaintiff had been released in error and that he must surrender himself to the U.S. Marshals Service by March 1, 2021. *See* ECF 7:15-CR-0005-8, 377. Plaintiff's attorney then submitted an emergency application in the criminal case: (1) noting that Plaintiff was released in error because of the United States Bureau of Prisons' (BOP) and the Orange County Jail's negligence and (2) requesting that Judge Román

---

[2] The Court may consider matters that are subject to judicial notice. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp,* No. 10-CV-5056 (SAS), 2010 WL 5094360, at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

modify Plaintiff's sentence by converting the remaining term of imprisonment to inpatient treatment rather than retuning him to jail. *See id*. Judge Román denied the request to modify the sentence, ECF 7:15-CR-0005-8, 380, and Plaintiff was taken into custody on March 1, 2021.

On March 29, 2021, Plaintiff filed this action for the alleged "violation of [his] health during a pandemic." (ECF 2 at 2.) He attributes his premature release from custody to mistakes made by Judge Román, the U.S. Marshals, the Southern District of New York Probation Office, and the Southern District of New York White Plains courthouse. He maintains that, based on his filing of the motion for compassionate release in the criminal case prior to his release, he was "100% sure that Judge Román [had] granted [his] motion." (*Id*. at 4.)

In the complaint, Plaintiff describes his experience of being released from custody and his reincarceration. Specifically, he alleges that when he was released, he had started to rebuild his life with his family, only to be told by his attorney that the authorities had mistakenly released him and he needed to return to custody. Plaintiff describes the circumstances of his return to custody as "traumatizing" and argues that other options should have been considered. (*Id*. at 5.) He repeatedly states his fear of exposure to the COVID-19 virus, asserting that he should never have been sent back to jail, and is likely "to get sick and probably die d[ue] to the 'mistake' of Government officials." (*Id*. at 8.) He also claims that he had a "nervous breakdown" in his cell and was prescribed the medication Vistaril. (*Id*. at 6.) Finally, he alleges that he suffers from substance abuse and mental health issues and that an inpatient facility or home detention would be better suited to handle his various problems than a jail setting.

Plaintiff seeks $3 million in damages for the toll on his mental health and traumatic effect on his family caused by his premature release and reincarceration, the "cruel and harsh conditions" that he faces in jail, and the violation of his constitutional rights. (*Id*. at 8.)

**DISCUSSION**

Plaintiff brings his complaint as a civil rights action under 42 U.S.C. § 1983. But because he alleges that agencies and employees of the federal government – not state actors – violated his constitutional rights, the Court construes Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

**A.      Judicial Immunity**

Plaintiff's claims against Judge Román must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Here, although Plaintiff feels that he was treated unfairly and that Judge Román should grant his request for compassionate release or convert his sentence to inpatient treatment or home detention, he fails to allege any facts showing that Judge Román acted beyond the scope of his judicial responsibilities.[3] Because Plaintiff sues Judge Román for "acts arising out of, or related

---

[3] Plaintiff's motion for compassionate release remains pending in the criminal case and his attorney is seeking reconsideration of the denial of the application to modify his sentence

to, [an] individual cas[e] before the judge," he is immune from suit for such claims. *Bliven*, 579

F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Román under the

doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v.

Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute

judicial immunity is 'frivolous' for purposes of [the IFP statute]."); *Montero v. Travis*, 171 F.3d

757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the

defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.    Sovereign Immunity**

Similarly, Plaintiff's claims against the U.S. Marshals Service, the Southern District of

New York Probation Office, and the Southern District of New York White Plains courthouse

must also be dismissed. The doctrine of sovereign immunity bars federal courts from hearing all

suits for monetary damages against the federal government, including its agencies, except where

sovereign immunity has been waived.[4] *See United States v. Mitchell*, 445 U.S. 535, 538 (1980)

---

solely to inpatient treatment. *See* ECF 7:15-CR-0005-8, 388. To the extent this action could be
read as a request for intervention in Plaintiff's ongoing criminal proceedings before Judge
Román, the request must be denied under *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the
Supreme Court held that federal courts may not stay or enjoin pending state-court proceedings
except under extraordinary circumstances. Courts have extended the doctrine to cases where a
federal defendant seeks intervention in a federal prosecution. *See, e.g., Ceglia v. Zuckerberg*, 600
F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a
criminal prosecution only "where the danger of irreparable loss is both great and immediate," but
"[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the
criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C.
Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, and
noting that "in no case that we have been able to discover has a federal court enjoined a federal
prosecutor's investigation or presentment of an indictment")); *Kajtazi v. Johnson-Skinner*, No.
16-CV-9434 (AJN), 2017 WL 436038, *2 (S.D.N.Y. Jan. 30, 2017) ("Because there are adequate
remedies available to [Petitioner] within the underlying criminal proceedings to address the
issues raised in his Complaint, the application for an injunction is properly dismissed.") (citation
and internal quotation marks and alterations omitted).

[4] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for
a waiver of sovereign immunity for certain claims for monetary damages arising from the

(quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). The United States has not consented to be sued under *Bivens*. *Hightower v. United States*, 205 F. Supp. 2d 146, 155 (S.D.N.Y. 2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484 (1994)).

The U.S. Marshals Service, the Southern District Probation Office, and the Southern District White Plains courthouse are United States Defendants that enjoy sovereign immunity from suit. The Court dismisses Plaintiff's claims against these federal defendants under sovereign immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills*, 645 F.3d at 177; *Montero*, 171 F.3d at 760.

## C.    Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). Plaintiff does not allege any facts suggesting that he has complied with the FTCA's procedural requirements. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 26, 2021
            New York, New York

                                         /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                              Chief United States District Judge